UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAROLINA P.S.,

Petitioner,

v.

MARKWAYNE MULLIN, et al.

Respondents.

No. 1:26-cv-05752-TLN-SCR

A # 241-000-417

**TRANSFER ORDER**

Petitioner Carolina P.S.[1] ("Petitioner") is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondents move to dismiss this action on the basis that Petitioner filed her habeas petition in the incorrect venue. (ECF No. 8.)

Federal courts are "under an independent obligation to examine their own jurisdiction," and "may not entertain an action over which [they have] no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

215, 231 (1990)). Jurisdiction over a § 2241 petition is proper only in the district of confinement. *Doe v. Garland*, 109 F.4th 1188, 1197–98 (9th Cir. 2024). Jurisdiction is established at the time of filing. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018).

When a civil action, including a habeas petition, is filed in a court lacking jurisdiction, the court may *sua sponte* transfer the action under 28 U.S.C. § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction, (2) the transferee court could have exercised jurisdiction at the time the action was filed, and (3) transfer is in the interest of justice. *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001)

Here, Petitioner challenges the lawfulness of her civil immigration detention at the Adelanto ICE Processing Center ("Adelanto"). (ECF No. 1 at 2, 29–32.) Petitioner was confined at Adelanto at the time of filing, and it appears she currently remains there. (*Id.* at 1; ECF No. 8 at 1.) As Adelanto is located in San Bernardino County, jurisdiction lies in the Central District of California. *See* 28 U.S.C. § 84(c).

Applying the factors set forth in 28 U.S.C. § 1631, the Court finds transferring the matter to the U.S. District Court for the Central District of California rather than dismissal is appropriate. This Court lacks jurisdiction, the U.S. District Court for the Central District of California could have exercised jurisdiction at the time the action was filed, and transfer would serve the interest of justice by avoiding unnecessary delay. *See Valverde Cantillo v. Warden*, No. 2:26-CV-00835-DAD-CKD, 2026 WL 694109, at *1 (E.D. Cal. Mar. 12, 2026) (finding the same).

Accordingly, Respondents' Motion to Dismiss is DENIED. (ECF No. 8.) The Clerk of Court is directed to TRANSFER this case to the U.S. District Court for the Central District of California.

IT IS SO ORDERED.

Date: July 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE